**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**STEPHANIE BUCKHOLTZ,**
on behalf of herself and others similarly situated,

**Plaintiffs,** **Case No.:**

**vs.**

**BURGER KING COMPANY LLC, a Limited Liability Company,**

**Defendants.**
______________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, STEPHANIE BUCKHOLTZ, on her own behalf and on behalf of similarly situated persons, (collectively "Plaintiffs"), by and through their undersigned counsel, and hereby files this Complaint against the Defendant, BURGER KING COMPANY LLC, a Limited Liability Company, ("Defendant"), for unpaid minimum wage, overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Defendants violated the unpaid minimum wage, overtime wages and record keeping requirements of the FLSA. Plaintiffs seek unpaid minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

2. Further, pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a).

3. This action is intended to include each and every hourly paid "Crew Members" who were/are subject to the same unpaid overtime wage violations.

4. Plaintiff outlines the estimate of damages for the unpaid overtime:

Unpaid Overtime Damages

May 2023 - June 2025: 114 weeks of employment, for a total of 228 overtime hours (based on an average of 2 hours overtime per week).

Unpaid Overtime Wages: $13.00 x 1.5 = $19.50 x 488 hours = $4,446 ($8,892 including liquidated damages).

Unpaid Minimum Wage Damages

114 weeks of employment, for a total of 228 minimum wage hours (based on an average of 2 hours per week)

Unpaid Minimum Wages: $13 x 244 hours= $2,964 ($5,928 including liquidated damages)

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6. This action is intended to include all "hourly paid Crew Members" who worked for the Defendant at any time within the past three (3) years (2022-2025).

## VENUE

7. Venue is proper in this Court because the actions giving rise to this suit occurred in Broward County, Florida.

## PARTIES

8. Plaintiff, STEPHANIE BUCKHOLTZ, worked as a "Crew Member" for Defendant in Florida.

9. The acts and omissions giving rise to this action occurred in Hallandale Beach, Florida.

10. Defendant conducts business in Broward County, Florida.

## FLSA ENTERPRISE COVERAGE

11. At all times material hereto (2022-25), Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

13. At all material times (2022-2025), Defendants were and are an enterprise covered by the FLSA pursuant 29 U.S.C. § 203.

14. At all material times, Defendants were an employer subject to the FLSA's provision on overtime wages.

15. At all material times (2022-2025), Defendants were an employer engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce (i.e. mechanical equipment, telephones, computers, pens, and paper), or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as construction and building equipment and tools which previously travelled through commerce on a daily basis.

17. At all material times, Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

18. Defendant employed Plaintiff in the last three (3) years.

19. Plaintiff worked in the state of Florida without being paid at least the time and a half minimum hourly wage for all hours worked over forty (40) per week.

20. Defendants controlled and/or was responsible for the work of Plaintiff.

21. Plaintiff did a specific job for Defendants.

22. Defendants improperly paid Plaintiff for hours worked over forty (40) per week.

## FACTUAL ALLEGATIONS

23. Plaintiff worked for Defendant from approximately March 2023 through June 2025.

24. Defendant is a national fast-food franchise which primarily serves burgers, French fries, sodas and related products.

25. Plaintiff worked as a "Crew Member."

26. Plaintiff was responsible for servicing clients of Defendant and providing food and beverages.

27. Defendants paid Plaintiff an hourly wage of $13.00.

28. Plaintiff was a full-time employee and typically worked 40 hours or more per week.

29. Plaintiff was eligible to be paid overtime pay at time and one half of her regular hourly rate.

30. However, Defendant intentionally adjusted Plaintiff's hours to remove hours that she worked in order to avoid paying Plaintiff overtime.

31. Specifically, Defendant's managers systematically altered/reduced work hours for Plaintiff and other hourly paid crew members.

32. Defendants' managers also entered break periods for Plaintiff and other hourly paid crew members that they did not actually take to reduce their weekly work hours.

33. Defendant's leadership was aware of its managers' practice of intentionally reducing weekly work hours.

34. However, Defendant did not take any proactive steps to correct or address the situation.

35. Therefore, Defendant failed to pay Plaintiff and other crew members overtime pay correctly.

36. Plaintiff and other crew members are owed overtime wages.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession and custody of Defendant.

38. Defendants' failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA were willful and/or reckless.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members performed the same or similar job duties as one another in that they were employed as "Crew Members" and provided the same or similar services for Defendants.

40. Plaintiff and the class members were all paid by the hour.

41. Plaintiff and the class members frequently worked more than forty (40) hours in a workweek during the last three years.

42. Plaintiff and the class members were non-exempt employees.

43. Plaintiff and the class members were subject to the same pay provisions in that they were not compensated at time and one half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

44. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

45. Defendants' failure to compensate employees properly for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendants' failure to properly account for all time worked by Plaintiff.

46. This policy or practice was applicable to Plaintiff and the class members.

47. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the improper payment of overtime to Plaintiff apply to all class members.

48. Accordingly, the class members are properly defined as:

> **All hourly paid Crew Members who worked for Defendant within the last three years.**

49. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

50. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**Class Representation Allegations**

51. The claims under Unjust Enrichment Count may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Federal Rules of Civil Procedure Rule 23(b)(1),(2) and alternatively (3).

52. The number of individuals in the class is so numerous that joinder of all members is impracticable. The exact number of members of each class

can be determined by reviewing Defendant's records. However, Plaintiffs are informed and believe that there are hundreds of eligible individuals in the defined class.

53. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

54. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

55. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

56. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

57. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial

economy and parity among the claims of individual members of the class and provide for judicial consistency.

58. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether Defendant failed to pay Plaintiff and members of the class for all hours worked;

b. What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

59. The relief sought is common to the entire class including, *interalia:*

a. payment by the Defendant of actual damages caused by their failure to pay wages for *all* hours worked;

b. payment by the Defendant of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

60. Plaintiff's claims are typical of the claims of members of the class.

61. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendant.

62. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**
**COUNT I**
**FAILURE TO PAY MINIMUM WAGE**

63. Plaintiff, individually and on behalf of the FLSA Collective, reincorporates and readopts all allegations contained within Paragraphs 1 through 62, above, as though fully set forth herein.

64. Plaintiff and the FLSA Collective are/were non-exempt covered employees. 29 U.S.C. § 203(e)(1).

65. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective proper minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

66. Plaintiff and those similarly situated crew members are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants.

67. During their employment with Defendants, Plaintiff and those similarly situated performed their regular job duties, i.e. serving food and beverages.

68. Defendants willfully fail(ed) to pay Plaintiff and those similarly situated Crew Members the full minimum wage for one or more weeks of work, contrary to the FLSA's minimum wage provisions.

69. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated Crew Members

have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

70. Additionally, Plaintiff and all those similarly situated are entitled to an amount equal to all of their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

71. The foregoing conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II - RECOVERY OF OVERTIME COMPENSATION**

72. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1 through 62 above.

73. Plaintiffs regularly worked in excess of forty (40) hours per week.

74. Plaintiffs were not properly compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for *all* hours they worked in excess of forty (40) hours each workweek.

75. Plaintiffs were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

76. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

77. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs for overtime for all hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

78. Defendant failed to properly disclose or apprise Plaintiffs' rights under the FLSA.

79. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

80. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

81. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

82. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, demands judgment against Defendant, BURGER KING COMPANY LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT TWO
## UNJUST ENRICHMENT

83. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1 through 62 above.

84. This Court has supplement jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. §1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as her overtime claims.

85. Plaintiff and all others similarly situated to her performed the same or similar job duties as one another in that they were employed as "Crew Members" and provided the same or similar services for Defendants.

86. Plaintiff and all others similarly to her who performed the same or similar job duties were not compensated for their work performed.

87. Defendant accepted Plaintiff and all others similarly to her's performance of duties as a "Crew Member" and this work was valuable to Defendant, but Defendant did not compensate Plaintiff and all others similarly to her for this work.

88. Defendant has been unjustly enriched as a result of it accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the class's labor without proper compensation.

89. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for time spent performing work for the benefit of the Defendant, for those workweeks where Plaintiff and all others similarly to her made at least the minimum wage for all hours worked.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this 4th day of June, 2026.

s/ Mert Atmaca
Mert Atmaca, Esquire
FBN: 1029419
Carlos V. Leach, Esquire
FBN: 540021
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: Matmaca@theleachfirm.com

Email: Cleach@theleachfirm.com

***Attorneys for Plaintiffs***